# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE FARM FIRE AND CASUALTY CO.,

    Respondent below/Appellant,

    v.

DIANE PURCELL,

    Claimant below/Appellee.

)
)
)
)
)
)
)
)
)
)
)
)
)

C.A. No. N12C-02-178 CLS

Date Submitted: August 17, 2017
Date Decided: November 9, 2017

## ORDER

This case was a remanded from the Supreme Court of Delaware for clarification on above captioned matter. The background surrounding this case is as follows. On January 31, 2012 this case was before an arbitration panel. The arbitration panel found that Appellant State Farm Fire & Casualty Company ("State Farm") wrongfully refused to submit to the arbitration as required by 18 *Del. C.* § 331 and the board awarded Appellee Diane Purcell[1] ("Ms. Purcell") policy limits for her personal property loss of $171, 225.00. State Farm appealed the order to this Court on February 15, 2012. State Farm alleged that Ms. Purcell breached the terms

---

[1] In the Court's Orders dated April 7, 2017 and July 26, 2017, the Court dismissed Thomas Purcell from the case for failure to appear and prosecute his case.

of the policy and disputes as to whether coverage existed, and under what terms coverage existed, which were not subject to arbitration pursuant to 18 *Del. C.* § 331(a). On May 16, 2012, counsel for Ms. Purcell filed a complaint on appeal. The complaint on appeal alleged that on April 9, 2010, there was a fire at Ms. Purcell's home which resulted in, among other things, $211,261.56 in loss of personal property. The complaint states that State Farm made partial payments to Ms. Purcell on certain parts of her claims but such payments were, for the most part, untimely and were below the losses sustained and that State Farm breached its contract. Count II of the complaint on appeal stated that as a result of State Farm's failure to arbitrate Ms. Purcell was entitled to declaratory judgment that the arbitration award was binding on State Farm. On June 1, 2012, State Farm filed an answer to Ms. Purcell's complaint on appeal. State Farm stated that it made payment in full for all claims other than the alleged personal property loss in accordance with the binding arbitration award. State Farm asserted that the claim of alleged personal property loss had not been resolved due to Ms. Purcell's failure to comply with their obligations under the insurance policy. Again, State Farm stated that the Insurance Commissioner lacked jurisdiction to resolve the disputes between the parties.

On November 21, 2012 State Farm filed a motion for summary judgment on grounds that Ms. Purcell failed to submit to examination under oath ("EUO") pursuant to the policy between the parties. The motion stated that the examination

under oath was scheduled to be taken on January 6 and January 7, 2012. Ms. Purcell's counsel at the time withdrew, and the parties rescheduled the EUO for January 26 and 27, 2012. State Farm stated that on January 18, 2012 Ms. Purcell called State Farm and informed State Farm's attorney that she did not wish to go forward with the EUO because she did not have an attorney. The EUO was again rescheduled for March 6 and March 7, 2012. Ms. Purcell sent a letter to State Farm on March 5, 2012 essentially stating that she would not go forward with the EUO without an attorney. Consequently, on September 4, 2012, State Farm's attorney contacted Ms. Purcell's attorney at the time, and the parties agreed that Ms. Purcell would undergo an EUO if State Farm would address Ms. Purcell's letter received by State Farm on March 5, 2012. Ms. Purcell filed a response to State Farm's motion for summary judgment on January 31, 2013. The Court denied State Farm's motion for summary judgment on April 29, 2013, as well as State Farm's motion for reargument on August 21, 2013.

Subsequently, Ms. Purcell filed a motion to amend the complaint on appeal and this Court granted the motion on October 30, 2013. Following a pretrial conference, on October 22, 2014 the Court ordered Ms. Purcell to provide State Farm with a more complete list of items that were damaged. Afterwards, the Court granted in part, and denied in part, State Farm's motion in limine. The order limited the appeal to the matters that were before the Insurance Commissioner: (1) the Purcell's

3

property damage claim, and (2) State Farm's motion to dismiss before the Insurance Commissioner. In this order dated January 12, 2015, the Court dismissed Count II of Ms. Purcell's amended complaint on appeal. Additionally, the Court held that Counts I, III, and IV of Ms. Purcell's first amended complaint would be tried separately under rule 42(b) after the disposition of State Farm's appeal of the Insurance Commissioner's decision.

On January 20, 2015, Ms. Purcell's counsel filed a motion to withdraw, and the court granted counsel's motion on January 28, 2015. The order requested that Ms. Purcell retain new counsel in 30 days of the order. Ms. Purcell did not obtain counsel in 30 days and State Farm filed a motion to dismiss on April 22, 2015. State Farm's motion to dismiss stated that Ms. Purcell had not advised the Court of new counsel, nor provided State Farm with a more detailed property damages sheet, and that the claims should be dismissed for failure to prosecute. Ms. Purcell filed a response on June 15, 2015. On August 18, 2015 the Court granted State Farm's motion to dismiss for failure to prosecute. Ms. Purcell filed a motion for reargument on September 4, 2015. State Farm filed a response on September 7, 2015, and the Court scheduled arguments for September 22, 2015. On January 4, 2016, the Court denied Ms. Purcell's motion for reargument. Ms. Purcell appealed this Court's August 18, 2015 order granting State Farm's motion to dismiss, and the Court's "Final Dismissal Order not received yet but was [entered] and docketed on January

4

6, 2016." The Supreme Court published a decision on December 13, 2016. This decision vacated the Court's August 18, 2015 order granting State Farm's motion to dismiss and remanded the case for further proceedings. The Supreme Court stated that it could not determine if this Court (and if State Farm sought) to dismiss both the appeal and the complaint. On March 13, 2017, the Court sent a letter to the parties requesting a supplement regarding the parties' view of the current status of the case and how they would like to proceed. Counsel for State Farm contends there is no question that the appeal of the Insurance Commissioner's decision regarding Ms. Purcell's personal property damage claim is dismissed. State Farm argues that this Court granted State Farm's motion to dismiss for failure to prosecute on August 18, 2015, and Ms. Purcell never appealed that decision. State Farm argues that the time for an appeal of that order had long expired. Additionally, State Farm argues that Ms. Purcell's remaining counts in their amended complaint, Counts I, III, and IV, are now moot, and the case should be closed in its entirety. On the other hand, Ms. Purcell filed two supplemental letters with the Court stating, among other things, that the Court should enter a judgment of arbitration award plus costs, attorney fees, and interest so that she "can move forward in Prosecuting [her] claims Count I, III, and IV where [she] will be the Plaintiff and State Farm will be the Defendant."

From State Farm's letter, and as it was the Court's initial intention, the order granting State Farm's motion to dismiss applied to Ms. Purcell's Complaint and

State Farm's Appeal. Ms. Purcell filed a complaint on appeal alleging, among other things, breach of contract, breach of the implied covenant of good faith and fair dealing, and bad faith. As this Court determined earlier in this litigation, the appeal was limited to the issues heard by the Insurance Commissioner: the property damage claim and State Farm's motion to dismiss Ms. Purcell's complaint at arbitration. The Court did not dismiss Counts I, III, and IV[2] of Ms. Purcell's complaint on appeal but merely stated they could be tried separately. When the Court signed the form order on August 18, 2015 granting State Farm's motion to dismiss, it was the Courts intention to dismiss the appeal *and* Ms. Purcell's separate claims. The Court stated the following in the January 15, 2015 order granting in part, and denying in part, State Farm's motion in limine:

> In addition to this appeal being limited by § 328(g) to the matters before the Insurance Commissioner, *the adjudication of State Farm's appeal may be dispositive of the Purcell's remaining claims,* Count I for breach of Contract, Count III for breach of implied covenant of good faith and fair dealing and Count IV for bad faith. For both of these reasons, this appeal is limited to the Insurance Commissioner's decision on the Purcell's property damage claim and State Farm's motion to dismiss. *Moreover, this appeal must be adjudicated before Counts I, III and IV of the Purcell's First Amended Complaint may be addressed.* However, the claims are not dismissed because, under Superior Court Rule 42(b), these claims may be tried separately. Accordingly, Counts I, III and IV of the Purcell's First Amended Complaint will be tried separately under

---

[2] These claims, respectively, were breach of contract, breach of the implied covenant of good faith and fair dealing, and bad faith.

6

Rule 42(b), *after the disposition of State Farm's appeal of the Insurance Commissioner's decision.*[3]

Because State Farm's appeal was dismissed pursuant to its motion, it was also the Court's intention to dismiss the remaining claims because Ms. Purcell had not followed the Court's orders even when given ample time to comply. For the aforementioned reasons, State Farm's April 22, 2015 Motion to Dismiss is hereby **GRANTED**, dismissing both State Farm's original appeal and Ms. Purcell's subsequent remaining claims in her complaint on appeal.

**IT IS SO ORDERED.**

_____
The Honorable Calvin L. Scott, Jr.

---

[3] See the Court's Order granting in part, and denying in part, State Farm's Motion in Limine, dated January 12, 2015, Transaction ID: 56589686.